# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1280

_____

United States of America,             *
                                          *

            Appellee,            *

                                          *   Appeal from the United States

         v.                 *   District Court for the

                                          *   Western District of Arkansas.

Douglas Wayne Moffatt,         *

                                          *        [UNPUBLISHED]

            Appellant.          *

_____

Submitted:  June 20, 2000
Filed:  June 23, 2000

_____

Before RICHARD S. ARNOLD, BRIGHT, and BEAM, Circuit Judges.

_____

PER CURIAM.

While he was serving the supervised release portion of a sentence he received for a bank robbery conviction, Douglas Wayne Moffatt admitted to violating a release condition, i.e., he was discharged--unsuccessfully--from a 6-month drug treatment program. Following a revocation hearing, the district court[1] revoked supervised release and imposed a 12-month-and-1-day term of imprisonment with no additional supervised

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

release.  Moffatt now appeals, claiming the district court abused its discretion by imposing an unduly harsh revocation sentence.  We affirm.

When a district court finds by a preponderance of the evidence that a defendant has violated a release condition, the district court may revoke supervised release and impose imprisonment without credit for time previously served on postrelease supervision.  See 18 U.S.C. § 3583(e)(3).  We review for abuse of discretion.  See United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995).

We have reviewed the record and Moffatt's brief, and conclude the district court neither exceeded the limits of section 3583(e), nor abused its discretion, by imposing the 12-month-and-1-day revocation sentence.  See 18 U.S.C. § 2113(a) (providing for up to 20 years imprisonment for bank robbery); 18 U.S.C. § 3559(a) (offense punishable by 10-25 years imprisonment is Class C felony); 18 U.S.C.  § 3583(e)(3) (defendant may not be required to serve more than 2 years in prison on revocation of supervised release if offense that resulted in term of supervised release is Class C felony).

In particular, we note this was the second time Moffatt violated his supervised release.  After the first violation, the district court refrained from revoking supervised release and instead modified Moffatt's release conditions to include a 6-month stay in a drug treatment facility, a condition with which Moffatt was unable to comply.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.